### EDWARD RANSOM *v.* HENDERSON LEWIS.

In order to revest an estate which has been divested by adverse possession under color of title, there must be an *open* entry under claim of right, so as to give notoriety to the matter.

EJECTMENT, tried before *Gilliam, J.,* at Spring Term 1868 of the Superior Court of TYRRELL.

The land in controversy formerly belonged to one William Spruill, who, in 1840, devised the same to Colin E. Spruill, with provision that if he died leaving no issue, it should go to William E. Spruill. In 1845, Colin E. Spruill bargained and sold the land in fee to Thomas Lewis, who entered immediately, and held possession until his death in 1860, and, upon his death, the defendant, as his heir at law, entered and has held the same as his own up to the time of the trial, except as hereinafter mentioned.

Colin E. Spruill died in 1862, without issue, and in March 1863, William E. Spruill, without having made any actual entry on the premises, and whilst the land was in the possession of the defendant, conveyed his estate therein to the lessor of the plaintiff, Ransom.

In 1864, Ransom from time to time cut wood on the land, also split and carried away fence-rails, and on one occasion gathered and carried off pine-straw from the land; he also leased the land to a tenant, who, however, previously to entering and cultivating it contracted with the defendant for its use and occupation, and afterwards paid the rent to the defendant. Ransom, in entering to cut wood, &c., did so, claiming the premises as his own, and he did not know that his *tenant* had contracted with the defendant,—neither did the defendont know of *his* acts of entry, &c. There was no evidence that the acts of Ransom were known to any one except himself.

Upon these facts, by consent a verdict was found for the plaintiff, subject to the opinion of the Court, and afterwards the verdict having been set aside, and a judgment of non-suit given, the lessor of the plaintiff appealed.

*Smith*, for the appellant.

. If one have a right of entry, a stranger may enter in his name and to his use, and this vests the lands in him who has the right of entry, without command precedent or agreement subsequent.  Roscoe, Real Act. 28, L. L. 58.

No counsel, *contra.*

PEARSON, C. J.   Under the will of William Spruill, Colin Spruill took a determinable fee, with a limitation over to William E. Spruill, by way of executory devise.

It is clear that the possession of Thomas Lewis, to whom Colin Spruill conveyed by deed purporting to pass an absolute fee simple estate, was not adverse to William E. Spruill, nor was the possession of Henderson Lewis adverse until the determination of the estate of Colin Spruill; for, up to that time, William E. Spruill had no right of entry.   It is also clear that on the happening of that event the possession of Henderson Lewis became adverse, and the deed to his father, Thomas Lewis, under whom he claimed as heir-at-law, was color of title.   So at the time William E. Spruill executed the deed to the lessor of the plaintiff the estate was divested, and he had only a right of entry or of action.   It is conceded that this deed did not, at the time of its execution, pass the estate, or give to the lessor of the plaintiff a right to maintain an action on his own demise, but it was insisted with much earnestness by Mr. Smith, that as the deed operated between the parties by way of estoppel, if William E. Spruill had subsequently revested the estate either by action or by entry, the estate so revested would have fed the estoppel, and would have had the legal effect of vesting the *estate* in the lessor, so as to give him title not only against William E. Spruill, but against every person, and thereby enable him to maintain an action on his own demise.   And he further insisted that the entry of the lessor of the plaintiff had the same effect, for he must be considered as having made the entry as the agent of William E. Spruill, and under the authority of his deed.

We are not at liberty to express an opinion upon the soundness of either of these propositions, as the facts of the case do not raise the point, and will only observe that if the entry of the purchaser of a mere right is allowed the legal effect of revesting the estate of his vendor, so as thereby to feed the estoppel, and vest the estate in the purchaser, it would tend greatly to encourage maintenance and evade the policy of the law, which requires every man to assert his own rights, and forbids the sale of a law suit.

But the question is not presented, for there was in point of fact no such entry by the lessor of the plaintiff as if made by William E. Spruill himself would have revested his estate. To have that effect, it was not sufficient merely to go upon the land and exercise some acts of ownership, but it was necessary that the person holding adversely should be expelled from every part of the land. Lit. sec. 781; Coke Lit. 48 b.

In our case the lessor of the plaintiff, so far from taking exclusive possession, or even making an entry openly and aboveboard, merely slipped over upon the land occasionally and cut wood, and split and carried away some fence-rails and some pine straw, which was unknown to the defendant or any one else, so far as the evidence shows. It is true the lessor of the plaintiff leased the land, but the tenant, before entry, contracted with the defendant for the use and occupation of the land, and paid him the rent; so that amounts to nothing.

We hold that, in order to revest an estate which is divested by adverse possession under color of title, there must be an open entry under claim of right, so as to give notoriety to the matter, which is all that is necessary to decide to dispose of this case.

There is no error.

PER CURIAM.                          Judgment affirmed.